IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHUNDA L. COOKS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1344-SMY |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| UNITED STATES DEPARTMENT OF | ) |
| DEFENSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff LaShunda L. Cook filed this *pro se* action against the United States of America and the United States Department of Defense. Cooks' Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3) is now before the Court. For the following reasons, the motion is **DENIED**, and Cooks' Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Cooks has sufficiently demonstrated her indigence and inability to pay the costs of commencing her lawsuit through her motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous

or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); see also Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, pursuant to 1915(e)(2), the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds.

Cooks makes the following relevant allegations in her Complaint: in August 2015, she was approached by an "Advanced Being" named "Anthony". Anthony began to stalk her, showing up at her church and in front of her house. She began experiencing severe headaches and had an ectopic pregnancy after her contact with Anthony. She unsuccessfully attempted to contact the President of the United States, the Illinois Governor and Senators, the Pentagon, and the Federal Bureau of Investigation. Cooks asserts claims for assault, libel & slander, personal injury, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") on the Civil Cover Sheet filed with the Complaint and seeks monetary damages.

Cooks' Complaint fails to state a claim for which relief can be granted. Not only does she fail to articulate how the named defendants were involved in her alleged assault, libel & slander or personal injury claims, or how they violated the RICO statute, her allegations clearly have no basis in fact or law. Simply put, the Complaint legally frivolous.

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  July 20, 2022**

**STACI M. YANDLE**
**United States District Judge**